**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BREYANKA DEAN et al.,

Plaintiffs,

v.

Civil Action No. 25-13030
HON. JONATHAN J.C. GREY

RACHEL RANCILIO, et al.,

Defendants.
________________________________/

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT**

## I. INTRODUCTION

Pro se Plaintiff Breanka Dean, on behalf of herself and her minor child (collectively, "Dean"), filed a complaint against Defendants Judge Rachel Rancilio, Referee Jacqueline Wright, Referee David Faulk, and Macomb County Friend of the Court, all in their individual and official capacities, as well as Craig Hunter, in his individual capacity. (ECF No. 1.) Dean alleges violations of their 42 U.S.C. § 1983 rights under the First and Fourteenth Amendments to the United States Constitution, as well as conspiracy to violate their constitutional rights. (*Id.*) Dean also filed an application to proceed without prepaying fees or costs. (ECF No. 2.)

Review of the application supports Dean's claim of pauper status. Accordingly, the Court **GRANTS** in forma pauperis status to proceed without prepayment of the filing fee for this action. However, for the reasons below, the Court **DISMISSES** the action.

## II. BACKGROUND

In Dean's words:

> This civil rights action arises from a pattern of constitutional violations committed by judicial officers, state actors, and the opposing party in Macomb County, Michigan, acting both individually and in concert. Plaintiff was repeatedly:
>
> - Denied access to hearings and court proceedings;
> - Muted and removed from hearings without cause;
> - Denied accommodations for out-of-state participation;
> - Subjected to orders entered without notice, without hearings, or served only to the opposing party;
> - Denied due process through fabricated statements, transcripts, and misrepresentations that influenced other courts' authority;
> - Retaliated against for asserting rights by imposing arbitrary restrictions, including psychological evaluations before parent-child contact;
> - Denied her child and primary caregiving rights;
> - Subjected to retroactive child support imposed without notice or opportunity to contest.

(ECF No. 1, PageID.1–2.) Dean makes repeated references, and all of her allegations pertain, to proceedings before the Macomb County 16th

Circuit Court, including the Macomb County Friend of the Court, regarding custody, child support, and child welfare regarding her (and Craig Hunter's) daughter, including evidentiary and other hearings, parenting time orders, contempt motions, and personal protection orders. (*Id.* at PageID.4–7.)

## III. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur

> even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold a pro se complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Pro se litigants are not, however, excused from failing to follow basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III. ANALYSIS

### A. *Rooker-Feldman* Doctrine

As an initial matter, to the extent that Dean asks this Court to overturn or reverse rulings in any of the proceedings in Macomb County 16th Circuit Court, including the Macomb County Friend of the Court, the *Rooker-Feldman* doctrine precludes Dean from challenging those rulings in federal court. It is well-established that, pursuant to the *Rooker-Feldman* doctrine, the Court does not have jurisdiction to review or reverse orders issued in state court or state administrative

proceedings. *Hutcherson v. Lauderdale Cnty., Tennessee*, 326 F.3d 747, 755–756 (6th Cir. 2003); *Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (the *Rooker-Feldman* doctrine "prevents a state-court loser from bringing suit in federal court in order to effectively set aside the state-court judgment"); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486, (1983) (Federal district courts "do not have jurisdiction … over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Granting much of Dean's requested relief would require this Court to review and reverse a state court decision. Accordingly, to the extent that Dean's claims seek such relief, those claims are **DISMISSED**.

### B. Judicial Immunity

Judge Rancilio, Referee Wright, and Referee Faulk are entitled to absolute judicial immunity with respect to Dean's claims. Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir.1997). Moreover, it is well established that judges are absolutely immune from suits arising out of

the performance of their judicial functions. *See, e.g., Pulliam v. Allen*, 466 U.S. 522 (1984); *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (same). Absolute judicial immunity is overcome only where the judge's actions are not taken in the judge's judicial capacity (i.e., nonjudicial actions) or "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12 (citations omitted); *see also Barnes*, 105 F.3d at 1116 (same).

The Court finds that all allegations against Judge Rancilio, Referee Wright, and Referee Faulk constitute judicial actions that fall within the scope of judicial authority. Presiding over a hearing and making decisions regarding cases, including procedural decisions, are functions normally performed by a judge and constitute the very exercise of a judge's duties. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."); *Mireles*, 502 U.S. at 12–13 (a judge's order directing police officers to bring counsel in a pending case before the court is a function normally performed by a judge).

Moreover, Judge Rancilio's, Referee Wright's, and Referee Faulk's actions were not "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. "When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed." *McGee v. Moon*, 685 F. Supp. 2d 737, 744 (N.D. Ohio 2010) (citing *Stump*, 435 U.S. at 356–357). "A judge will not be deprived of immunity because the action [s]he took was performed in error, done maliciously, or was in excess of his authority." *Id.* "Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides." *Id.* (citing *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985)).

Finally, even Judge Rancilio, Referee Wright, or Referee Faulk erred in allowing the proceedings to move forward despite the issues Dean identified, any such error was not enough to overcome judicial immunity. The relevant inquiry is whether the judges took actions which were "clearly outside of the subject matter jurisdiction of the court over which the judge presides." *Id.* While Dean argues that Judge Rancilio, Referee Wright, and Referee Faulk acted unlawfully and erred, there are no allegations set forth in the complaint which reasonably suggest that

Judge Rancilio, Referee Wright, or Referee Faulk *clearly acted outside of the subject matter jurisdiction* of the Macomb County 16th Circuit Court, including the Macomb County Friend of the Court. Therefore, Dean's claims against Judge Rancilio, Referee Wright, and Referee Faulk are **DISMISSED** based on absolute judicial immunity.

### C. Claims Against Macomb County Friend of the Court

Eleventh Amendment immunity bars Dean's claims against Macomb County Friend of the Court. "Eleventh Amendment immunity bars suits against arms of the state, such as the Michigan courts." *Bradley v. Wayne Cnty. Third Cir. Ct.*, No. 23-11616, 2023 WL 11897140, at *2 (E.D. Mich. Aug. 17, 2023), *report and recommendation adopted,* No. 23-11616, 2024 WL 3540437 (E.D. Mich. July 24, 2024) (citing *Merritt v. Lauderbach*, No. 12-13645, 2013 WL 1148410, at *5 (E.D. Mich. Mar. 19, 2013); Mich. Const. art. VI, § 1); *see also Nicklay v. Eaton Cnty. Cir. Ct.*, No. 1:08-CV-211, 2008 WL 2139613, at *4 (W.D. Mich. May 20, 2008) (citing *Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986)) ("The Sixth Circuit has squarely held that suits against Michigan Courts are barred by Eleventh Amendment sovereign immunity."). The Macomb

County Friend of the Court must therefore be **DISMISSED** based on sovereign immunity.

### D. Craig Hunter

If Dean has pleaded a viable claim against Craig Hunter, which the Court does not decide here, the Court lacks jurisdiction to consider against him. Dean alleges that Craig Hunter is a private actor. (ECF No. 1, PageID.15.) Dean does not allege how Craig Hunter could be considered a state actor in a manner proscribed by the Sixth Circuit, which recognizes three tests for determining whether private conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test.

> The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state...." The typical examples are running elections or eminent domain. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (*i.e.* through state regulation or contract) between the state and the private actor so that the action may be attributed to the state.

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir.1995) (citations omitted).

Dean offers, and the Court finds, no basis for concluding that any of these

tests applies here. Therefore, the Court cannot recognize him as a state actor pursuant to 42 U.S.C. § 1983 and **DISMISSES** this cause of action against Craig Hunter.

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Dean's application to proceed without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED** and shall be designated as **CLOSED** on the docket.

**SO ORDERED.**

Date: November 25, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2026.

s/ S. Osorio
Sandra Osorio
Case Manager